# CORPORATION COURT OF THE CITY OF LYNCHBURG

Norfolk and Western RR. Co.

v.

Donovan's Administrator and Heirs

October 1893

BY JUDGE J. SINGLETON DIGGS

Donovan's administrator brought a suit, under § 2902, etc., of the Va. Code of 1887, in the Circuit Court of Bedford against the Norfolk and Western Railroad Company, to recover damages for the killing of his intestate, which suit resulted in a verdict for defendant, and consequent judgment against the plaintiff for the costs, amounting to $416, to be levied of the goods of his intestate, etc. *Fi. fa.* for the costs being returned "no effects," and there being no personal estate whatever, the Company brought this suit in chancery against the administrator *personally* and as such administrator and the heirs at law of Donovan, seeking to hold said administrator liable personally, or, failing in that, to subject certain real estate in this city, of which Donovan died seised, to the payment of said judgment. The case was submitted upon demurrers and answers, though the answers admitted the facts above stated, but denied the liability both of the administrator personally and of the real estate and heirs.

The opinion was not preserved, but as the questions involved are novel, the decision of the Court and grounds thereof are here briefly given.

The Court decided that the administrator was not liable personally, because the judgment sued on was *de bonis testatoris* and it was beyond the province and power of this Court to enter of record that "had the administrator prudently discharged his duty, the suit would not have been brought." That is to be done by the Court which tried the suit in which the costs are incurred. Section 2677 of the Code.

The Court further held that the real estate of Donovan, or the heirs to whom it had descended, were liable for the debt, upon the following grounds.

The judgment against the personal representative (the only form in which a judgment can be had against a decedent's estate) imports a debt of the decedent or a lawful demand against his estate. By § 2665 of the Code, the real estate is made assets for payment of "decedent's debts and all lawful demands against his estate."

These costs were part of the expenses of administration, inasmuch as they were incurred in a lawful effort to recover for the estate upon a claim that survived to the administrator.

The fact that under § 2904 had there been a recovery against the Railroad Company, the same might have gone wholly to persons other than the heirs of Donovan does not alter the case. The cases are numerous in which the personal representative must sue, and yet the recovery be for the benefit of others than the distributees. He must represent the estate, whether consort, child, or legatee get the benefit in case of recovery, and the cost, in case of failure, must be borne by the estate. Were it not so, claims of this nature could not be recovered against any one, because it can never be told in any case how the recovery would have been distributed had there been one.

Besides, had there been any personal effects, and this judgment had been paid by the administrator therefrom, and, on final settlement of his accounts, there had been a balance in his favor of $416, there can be no doubt of his right to recover that of the real estate. And there can be no sound reason why the real assets should not be subjected to the payment of this claim evidenced by a judgment of a court of competent jurisdiction.